## J. CHRISTMAN V. THE STATE.

### No. 3450. Decided February 24, 1915.

**1.—City Charter and Ordinance—Failing to Pay Tax—Demand.**

Where, upon trial of a violation of the city ordinance for refusing to pay the sanitary tax, the evidence showed that defendant was not called on, and no demand had been made on him for the payment of said tax before the trial of the case, the conviction could not be sustained.

**2.—Same—Complaint—Charge of Court.**

Where the complaint alleged that defendant failed and refused to pay a certain city sanitary tax, etc., and the court charged the jury that they must find beyond a reasonable doubt that defendant failed and refused to pay said tax, etc., there was no reversible error on that ground. Davidson, Judge, dissenting.

Appeal from the Corporation Court of the City of Terrell, Kaufman County, Texas. Tried below before the Hon. W. P. Williams, Presiding Judge.

Appeal from a conviction of violating the city ordinance; penalty, a fine of $1.

The opinion states the case.

*A. H. Dashiell,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Christman was a man about sixty-five years of age, living in Dallas, and had been living in Dallas for ten years. In 1898 his wife with her separate funds had purchased some property in the town of Terrell, Kaufman County, and occupied it with one of her children and another member of the family. Appellant did not live on or occupy the property and had not lived with his wife for ten years. He would visit her occasionally, going to and returning from Terrell the same day, getting eggs, butter, etc. They had separated but there had been no divorce granted. The reasons assigned for not obtaining the divorce was, he did not care to have the public comment and criticism that might arise from a divorce case. These facts are not controverted. In June or July, on a visit to Terrell, an officer called on him for payment of a sanitary closet tax. He declined to pay it, stating that his wife would do so. Subsequently, in September, about the 11th, she did pay the tax. The officer claimed the payment was for the quarter ending the 31st of August; she claimed it covered the month of September. The officer claimed that the tax for September had not been paid, though it seems to have been paid for October and November. However that may be, appellant did not occupy the place and had no interest in it, unless it was such that a husband would have in his wife's separate property when he was separated from and not living with her. He was charged with violating this ordinance levying the tax. This ordinance provides a punishment where the owner or occupant shall refuse to pay the tax when subject to such payment. The complaint against him charged that he *failed and refused* to pay it. The court charged the jury that if he *failed and refused* to pay he would be liable. The jury convicted.

There was an attack made on the complaint as well as that part of the instructions which charged a *failure* to pay and authorized a conviction for such *failure,* the contention being that the ordinance limited to a *refusal* to pay, and the charge authorized a conviction for *failing* to pay. We are of opinion this contention is correct. The charge authorized a conviction for a thing the ordinance did not define or make punishable. But be that as it may, appellant was not called on to pay the tax for September, and it was for that he was convicted. Again appellant was not responsible for the tax, and he should not have been convicted. He had nothing to do with the closets, and had no interest in it. The ordinance provides that it is the occupant or owner of the property who shall pay. Appellant was not the owner and was not the occupant, and the evidence on this phase of it is uncontroverted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HARPER, Judge.—I agree to the reversal of the case because no demand had been made on appellant before the trial of the case. Had demand been made I think under the facts of the case he would be liable as he visited his wife and daughter every week.

PRENDERGAST, PRESIDING JUDGE.—I agree with Judge Harper. I do not concur with Judge Davidson's opinion on any other question stated by him. The complaint alleged appellant "failed *and* refused to pay," etc., and in the charge the judge required the jury to believe beyond a reasonable doubt that appellant "failed *and* refused to pay," etc. The complaint did not merely allege appellant "failed" to pay, nor did the charge authorize a conviction if he merely "failed" to pay.